IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Case No. 00-63-KI |
| vs. | ) ) | OPINION AND ORDER |
| MARIO ELIAS SALSA, | ) ) ) | |
| Defendant. | ) | |

KING, Judge:

Before the court is defendant Mario Elias Salsa's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (#102).

**PROCEDURAL BACKGROUND**

On July 9, 2002, Salsa pleaded guilty to a Superseding Indictment. Just prior to his sentencing hearing, Salsa moved pro se to withdraw his guilty plea. His attorney withdrew and I appointed new counsel. On January 7, 2003, I allowed Salsa to withdraw his plea because I was

PAGE 1 - OPINION AND ORDER

concerned that there may have been a miscommunication between Salsa and his former attorney. On February 25, 2004, Salsa entered a second guilty plea to a superseding information. I conducted an extensive plea colloquy at that time. Just prior to his sentencing hearing, Salsa again moved to withdraw his guilty plea. This time, I denied Salsa's motion and sentenced him on August 16, 2004, to 120 months on Count One and 48 months on Count Two, to be served consecutively. Salsa filed an appeal which he voluntarily dismissed so that he could file this § 2255 motion.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).

# DISCUSSION

Salsa's motion states three grounds for vacating his sentence:

    Ground one: Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea. I did not understand any of the proceedings going on in court.

    Ground two: Conviction obtained by use of coerced confession. I felt coerced by and through my Attorney, Tyl Bakker.

    Ground three: Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure. I was in a different city and state when arrested for said crimes and was not present durring [sic] said search of property.

Salsa provides no other information or argument about his claims.

Salsa already had the opportunity to withdraw one guilty plea and could have gone to trial after that if he so desired. He chose to enter a new guilty plea based on charges which, due to statutory maximums, provided him with more certainty about the length of sentence. His plea bargain, however, did not bind the court. I think he is unhappy about the fact that I imposed the sentences on the two counts consecutively rather than concurrently. That is a risk he took. If he had been convicted at trial, the same risk would have been present.

I have reviewed the second plea colloquy provided by the government and believe that it comports with Rule 11. The plea was knowingly and voluntarily made. In response to my questioning, Salsa stated that he was "absolutely" satisfied with the help provided by his second attorney and that he was not threatened or intimidated into signing the plea agreement. I also note that Salsa was more talkative than most defendants appearing before me during a change of plea hearing. For example, I had a long discussion with him about the proof that the gun was transported from one state to another. I believe that if Salsa had not understood his agreement, or

was coerced, he would have told me at the hearing. Without any additional explanation from Salsa, I conclude that his first two grounds for relief, that his plea was not knowing and that he was coerced, are without merit.

In the third ground, Salsa raises an issue about the constitutionality of the search used to obtain the evidence against him. He does not explain why not being present for the search makes it unconstitutional and provides me with no authority. Moreover, Salsa voluntarily withdrew his appeal, where this argument should have been raised. If a defendant procedurally defaults a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can demonstrate either cause and actual prejudice, or that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604 (1998) (§ 2255 concerning a federal drug and gun conviction). Salsa has not tried to make a showing of either cause and actual prejudice for the default or actual innocence. Accordingly, I also conclude that his third ground for relief is meritless.

Salsa does not seek a hearing and I would not grant such a request because his statements are conclusory.

## CONCLUSION

Salsa's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (#102) is denied.

IT IS SO ORDERED.

Dated this ___6th___ day of July, 2005.

                                                        /s/ Garr M. King
                                                    Garr M. King
                                                    United States District Judge